IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BAILEY, *et al.*, | No. 3:18-CV-01437 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LIBRARY ASSISTANT JURNAK, | |
| Defendant. | |

**MEMORANDUM OPINION**

**FEBRUARY 8, 2023**

Plaintiff Demetrius Bailey, a Pennsylvania inmate, moves for relief from the Court's judgment against him on his allegations that Defendants, several correctional officials, retaliated against him. Because Bailey fails to establish the extraordinary circumstances warranting relief from judgment, the Court denies his motion.

**I.      BACKGROUND**

Bailey is an inmate in the custody of the Pennsylvania Department of Corrections.[1] He sued Defendants, claiming they denied him a special diet to which he was entitled and retaliated against him in several ways.[2] He sought injunctive

---

[1] *See Bailey v. Jurnak*, 2019 WL 2488035, at *1 (M.D. Pa. Jan. 3, 2019) (Doc. 14), *report and recommendation adopted*, 2019 WL 995796 (M.D. Pa. Feb. 28, 2019) (Doc. 21).

[2] *See id.*

relief to address Defendants' actions.[3] He later moved for "partial judgment" before my colleague, the Honorable Karoline Mehalchick, Chief Magistrate Judge of this Court.[4] In response, Defendants moved for summary judgment on Bailey's claims.[5]

Chief Magistrate Judge Mehalchick recommended that the Court deny Bailey's motion and grant Defendants' motion for the same reason: Bailey's claims were moot because he was transferred to a new correctional facility.[6] The conduct underlying Bailey's lawsuit occurred at State Correctional Institute at Retreat and State Correctional Institution at Dallas before February 2019.[7] In February 2020, Bailey was transferred to State Correctional Institution at Camp Hill.[8]

Bailey filed objections to Chief Magistrate Judge Mehalchick's Report and Recommendation, which this Court rejected when it adopted the Report and Recommendation.[9] He now moves for relief from the Court's order entering judgment against him.[10] Defendants have not filed an opposition brief and the time to do so has passed. Therefore, his motion is ripe for disposition.

## II.   DISCUSSION

---

[3] *Bailey v. Jurnak*, 2021 WL 7366183, at *1 (M.D. Pa. Dec. 27, 2021) (Doc. 161), *report and recommendation adopted*, 2022 WL 673743 (M.D. Pa. Mar. 7, 2022) (Doc. 170).
[4] Mot. for Partial Judgment, Doc. 147.
[5] Defs' MSJ, Doc. 151.
[6] *Bailey*, 2021 WL 7366183 at *4-5 (citing *Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014)).
[7] *Id.* at *5.
[8] *Id.*
[9] *Bailey v. Jurnak*, 2022 WL 673743, at *1 (M.D. Pa. Mar. 7, 2022) (Doc. 170).
[10] Rule 60(b)(6) Mot., Doc. 170.

### A. Legal Standard

Bailey brings this motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."[11] Rule 60(b)(6) "provides a catchall for 'any other reason that justifies relief' that only applies "when Rules 60(b)(1) through (b)(5) are inapplicable."[12] "[C]ourts are to dispense their broad powers under Rule 60(b)(6) only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."[13] This determination requires a "full, case-specific analysis."[14]

### B. Bailey's Argument

Bailey appears to assert that his claims remain active because he seeks compensatory relief, or at least nominal damages.[15] He is incorrect. As Chief Magistrate Judge Mehalchick concluded, Bailey's only operative pleading in this matter is his Second Amended Complaint ("SAC"), in which he sought "injuncti[ve] relief/hearing to stop [D]efendants from these illegal legal mail policies and from receiving his special diet and retaliatory acts by Defendants."[16]

---

[11] *Kemp v. U.S.*, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005))
[12] *Id.* (quoting Fed. R. Civ. P. 60(b)(6)).
[13] *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (cleaned up).
[14] *Id.*
[15] *See* Rule 60(b)(6) Mot. Br., Doc. 176.
[16] 2021 WL 7366183, at *4, *5 (Doc. 161). It appears that Bailey attempted to supplement the SAC with several filings that Chief Magistrate Judge Mehalchick rejected because Bailey failed to file a motion seeking the Court's leave and failed to serve Defendants with his additional pleadings. *Id.* at *1. Bailey never cured those defects.

Accordingly, the Court denied his motion and granted Defendants' motion because Bailey's only claims were mooted by his transfer to a different facility. Bailey's inoperative pleadings do not provide the extraordinary circumstances necessary for Rule 60(b)(6) relief. Therefore, the Court denies his motion.

### III. CONCLUSION

For the foregoing reasons, Bailey's motion is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
